Louis Krower & another *vs.* Abraham J. Felz & others.

Suffolk.　January 25, 1904. — September 8, 1904.

Present: Knowlton, C. J., Lathrop, Barker, Hammond, & Braley, JJ.

*Equity Pleading and Practice,* Decree. *Equity Jurisdiction,* To reach and apply equitable assets.

A decree of the Superior Court, dismissing a bill in equity so far as it relates to the facts stated in a certain amendment, is final unless appealed from.

In this suit in equity under R. L. c. 159, § 3, cl. 8, to reach and apply to a debt due the plaintiff certain property fraudulently conveyed by the debtor to a certain corporation, it was held that the plaintiff was entitled to equitable relief, there being evidence of fraud on the part of the debtor and of the corporation.

Barker, J. 1. By an amendment to the bill the plaintiffs made allegations designed to show that the transaction by which the principal defendant parted with title to his stock of merchandise and machinery on or about August 11, 1903, came within the provisions of St. 1903, c. 415, as a sale of merchandise in bulk in fraud of creditors. The judge who heard the case in the court below found that the allegations in the amendment were true but ruled that the plaintiffs were not entitled to maintain their bill under the amendment, and dismissed the bill so

far as the facts alleged in the amendment were part of the plaintiffs' cause of action.

As there was no appeal by the plaintiffs there is before this court no question arising under the provisions of St. 1903, c. 415, and we do not discuss or decide upon the effect or the constitutionality of that statute.

2. The cause was tried before the lower court as a bill under the provisions of R. L. c. 159, § 3, cl. 8, to reach and apply in payment of a debt due the plaintiffs from the defendant Abraham J. Felz certain personal property of his liable to attachment and fraudulently conveyed by him with intent to defeat and defraud his creditors. The evidence was taken and reported under Chancery Rule 35. Upon it the presiding judge found that when Felz conveyed the property sought to be reached he was insolvent and unable to pay his debts as they matured; that he made the conveyance with the intent to defraud his creditors and to hinder and delay the plaintiffs as well as his other creditors, and that the defendant corporation, to whom the sale was made, through its officers participated in his fraud and assisted him in committing it, and that the sale was void. Upon these findings a final decree was entered for the plaintiffs establishing their debt and ordering judgment and execution, enjoining the defendants from disposing of the property which was the subject of the fraudulent sale and ordering them to convey to the plaintiffs so much of it as might be necessary to satisfy the plaintiffs' judgment. The case is here upon the defendants' appeal from the final decree.

We have examined the report of the evidence and are of opinion that the findings of fraud on the part of the debtor and of the corporation, in the making of the sale to the corporation of the debtor's property were justified by the evidence. This being so, the fact that the corporation was not created solely for the purpose of committing the fraud is immaterial. The facts found make a case for equitable relief under the provisions of R. L. c. 159, § 3, cl. 8.

*Decree for the plaintiffs affirmed.*

*S. Lewenberg,* for the defendants.

*J. H. Blanchard,* (*S. O. Reinstein* with him,) for the plaintiffs.